AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

WESTERN District of ARKANSAS

UNITED STATES OF AMERICA
V.

ULICES QUINTERO-PATINO

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 5:13CR50011-001

USM Number: 11312-010

Chad L. Atwell
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s)  One (1) and Three (3) of the Indictment on May 15, 2013

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute Methamphetamine | 01/03/2013 | 1 |
| 18 U.S.C. § 924(c)(1)(A) | Possessed Firearm in the Furtherance of a Drug Trafficking Crime | 01/03/2013 | 3 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment, with the court considering the guidelines as non-binding and advisory only.

☐ The defendant has been found not guilty on count(s)

X Count(s)  Two (2) of the Indictment  is dismissed on the motion of the government.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 4, 2013
Date of Imposition of Judgment

/S/ Jimm Larry Hendren
Signature of Judge

Honorable Jimm Larry Hendren, United States District Judge
Name and Title of Judge

November 5, 2013
Date

DEFENDANT: ULICES QUINTERO-PATINO
CASE NUMBER: 5:13CR50011-001

## IMPRISONMENT

    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **seventy (70) months on Count One and sixty (60) months on Count Three, with Count Three to run consecutively to Count One.**

☐    The court makes the following recommendations to the Bureau of Prisons:

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐  as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: ULICES QUINTERO-PATINO
CASE NUMBER: 5:13CR50011-001

## SUPERVISED RELEASE

Defendant is placed on supervised release for a term of: **three (3) years on Count One and three (3) years on Count Three, terms to run concurrently** which terms shall commence immediately upon his release from imprisonment, and which shall be served under the following conditions:

It is anticipated that the defendant may be deported by Immigration Authorities following his term of imprisonment. Accordingly, if defendant leaves the United States by way of deportation or otherwise after completion of his term of imprisonment and, after such departure, again enters the United States **illegally** - within the 3-year period - the defendant will then be in immediate violation of a condition of supervised release. If, prior to any deportation, defendant is released on bond by ICE or if, after deportation, the defendant returns to the United States **legally** - within the 3-year period - the defendant shall in either event–report to the nearest U.S. Probation Officer within 72 hours of such release or return.

1. The defendant shall not commit another federal, state or local crime; the defendant shall be prohibited from possessing any firearm or other dangerous device; and the defendant shall not use, possess, or have anything at all to do with any controlled substance.

2. The defendant shall comply with the mandatory drug testing provisions of 18 U.S.C. § 3583(d).

3. The defendant shall comply with the DNA collection provisions of 18 U.S.C. § 3583(d).

4. If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

5. The defendant shall comply with the Standard Conditions of Supervised Release as recommended by the United States Sentencing Commission and as set out below on this page of the judgment, as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) the defendant shall – as directed by the probation officer – notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:     ULICES QUINTERO-PATINO
CASE NUMBER:   5:13CR50011-001

# SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall submit to inpatient or outpatient substance abuse testing, evaluation, counseling, and/or treatment, as deemed necessary and directed by the U.S. Probation Officer.

2) The defendant shall submit his person, residence, place of employment and vehicle to a search conducted by the U.S. Probation Officer at a reasonable time and in a reasonable manner based on a reasonable suspicion that evidence of any violation of conditions of supervised release might be thereby disclosed.

DEFENDANT: ULICES QUINTERO-PATINO
CASE NUMBER: 5:13CR50011-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ $200.00 | $ 12,500.00 | $ -0- |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ 0 | $ 0 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X the interest requirement is waived for the    X fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: ULICES QUINTERO-PATINO
CASE NUMBER: 5:13CR50011-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  X  Lump sum payment of $ 12,700.00 due immediately, balance due

    ☐ not later than _____ , or
    X in accordance  ☐ C, ☐ D, ☐ E, or  X F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  X  Special instructions regarding the payment of criminal monetary penalties:

If not paid immediately, any unpaid financial penalty imposed shall be paid during the period of imprisonment in quarterly installments of $25.00 or 10% of the defendant's quarterly earnings, whichever is greater. After imprisonment, any unpaid financial penalty shall be paid during the period of supervised release in monthly installments of $200.00 or 10% of the defendant's net monthly household income, whichever is greater, with the entire balance to be paid in full no later than one month prior to the end of the 3-year period of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.